UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-61269-CIV-SINGHAL

MAURICIO DE JESÚS PRADO
LÓPEZ,

Petitioner,

vs.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT AND REMOVAL
OPERATIONS, FIELD OFFICE
DIRECTOR, *et al.*,

Respondents.
_________________________________/

**ORDER DENYING PETITION FOR HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner's Petition for Writ of Habeas Corpus (the "**Petition**").[1] (DE [27]). Petitioner is a Cuban citizen who presented himself to immigration authorities for inspection and admission but was instead paroled into the United States on November 29, 2023. *Id.* ¶¶ 1–2. Petitioner submits that he is detained pursuant to 8 U.S.C. section 1226(a), entitled to a bond hearing thereunder, and that Respondents violate due process by withholding same.[2] *See id.* ¶¶ 53–59. The Court disagrees.

When an alien's parole terminates, "the alien shall forthwith return or be returned to the custody *from which he was paroled* and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United

[1] The Court recognizes that Petitioner initiated this action *pro se* nearly six months ago and regrets the delay in adjudicating this case. *See* (DE [1]). Because Petitioner has filed a more recent Petition (DE [27]) with the assistance of counsel, the Court treats that Petition as operative.
[2] Petitioner seemingly begins to argue that because the government terminated his removal proceedings it also lacks statutory authority to detain him. *See* (DE [27] ¶¶ 23–24). By the end of his Petition, however, Petitioner abandons this argument. *See id.* ¶¶ 53–59 (arguing only that he is detained under section 1226(a) and that Respondents' failure to afford him a bond hearing violates due process).

States." 8 U.S.C. § 1182(d)(5) (emphasis added). The critical question, then, is whether Petitioner was subject to section 1226(a) *when he was paroled*. He was not.

Instead, Petitioner was subject to section 1225(b)(2) when he was paroled into the United States. *Hernandez Alvarez v. Warden* teaches that an alien is subject to section 1225(b)(2) if he:

> (1) is arriving in the United States or is present in the United States without having been granted lawful entry; (2) is seeking lawful entry after inspection and authorization by an immigration officer; and (3) is not clearly and beyond a doubt entitled to [admission], as determined by the examining immigration officer.

*Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1269 (11th Cir. 2026).

Immediately before being paroled into the United States, Petitioner arrived at the border, applied for admission, and did not obtain a favorable determination from his assigned immigration officer. *See* (DE [27] ¶¶ 1–2). Accordingly, he was then subject to section 1225(b)(2)'s mandatory detention scheme until paroled. And when the government revoked his parole, Petitioner "returned to the custody from which he was paroled"—*i.e.*, mandatory detention under section 1225(b)(2). *See* § 1182(d)(5); *see also Mesadieu v. U.S. Immigr. and Cust. Enf't*, --- F.Supp.3d ----, 2026 WL 2792854 (S.D. Fla. 2026) (Kuntz J.) (holding revocation of parole returned parolee to prior custody status under section 1225(b)(2)) (collecting cases).

This result is perhaps counterintuitive in light of *Hernandez Alvarez*'s central holding that illegal aliens who are apprehended in the interior and not actively seeking lawful admission are *not* subject to mandatory detention under section 1225(b)(2). *See Hernandez Alvarez*, 175 F.4th at 1269, 1276–79. It is indeed paradoxical that aliens who are paroled into the United States with the government's express permission are afforded *less* protection under the Immigration and Nationality Act than those who sneak across

the border and attempt to evade this country's immigration authorities and laws. But because a contrary interpretation and application of section 1182(d)(5) would do violence to its plain language, that is the result binding precedent unfortunately requires.

While the Court rejects Petitioner's argument that he is detained under section 1226(a), it does not consider whether the government's alleged cancellation of all removal proceedings against him renders his detention unlawful. *See supra* n.2. To the extent a claim to that effect is not otherwise prohibited by statute, Petitioner is free to raise it in a subsequent petition filed under a new case number. But in the meantime, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Petition (DE [27]) is **DENIED**;
2. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of October 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF